**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

WILLIAM HIGGINBOTHAM, SHAUN HENSLER, MICHAEL PEREZ, and VINCE GIST, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

SEATOWN ELECTRIC, PLUMBING, HEATING & AIR, LLC,

Defendant.

**No.**

**COMPLAINT - CLASS AND COLLECTIVE ACTION**

**TRIAL BY JURY DEMANDED**

Plaintiffs William Higginbotham, Shaun Hensler, Michael Perez, and Vince Gist (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys Bibiyan Law Group P.C. and Werman Salas P.C., complaining of the conduct of Defendant Seatown Electric, Plumbing, Heating & Air, LLC ("Defendant"), allege as follows:

**Nature of this Lawsuit**

1. This lawsuit seeks to recover unpaid overtime compensation and other damages for Plaintiffs and similarly situated co-workers who have worked as sales technicians, service technicians, electricians, plumbers, and other similar job titles (collectively, "technicians") for Defendant in the State of Washington from three years pre-dating the filing of this complaint through the date of final judgment.



**BIBIYAN LAW GROUP P.C.**
1460 Westwood Boulevard
Los Angeles, CA 90024
310.438.5555

2. Defendant is a company that provides HVAC, plumbing & electrical services.

3. Defendant pays its technicians on an hourly basis.

4. As part of their job duties, Defendant required Plaintiffs and Rule 23 Class Members (as defined below) to use and work from company vehicles, which contained the tools necessary for them to execute their job duties.

5. Even though Plaintiffs' and Rule 23 Class Members' company vehicles constituted the employer's premises and workplace, and Plaintiffs and Rule 23 Class Members were on duty during their commutes to and from their first and last jobs, respectively, Defendant failed to fully compensate Plaintiffs and Rule 23 Class Members for all this work time.

6. Defendant's vehicles have the company's logo on them, to function as mobile advertisements.

7. Defendant controlled the manner in which Plaintiffs and Rule 23 Class Members could use the company vehicles.

8. Defendant has a written "Driver Guidelines and Reporting Requirements" policy in practice that:

a. Only allowed Defendant's employees to drive the vehicles;

b. Prohibited personal use of the company vehicles;

c. Required headlights to be used two hours before sunset and two hours after sunrise;






BIBIYAN LAW GROUP P.C.
1460 Westwood Boulevard
Los Angeles, CA 90024
310.438.5555

d. Prohibited Plaintiffs and Rule 23 Class Members from allowing individuals not authorized by Defendant to ride in or drive Plaintiffs' and Rule 23 Class Members' company vehicles;

e. Prohibited Plaintiffs and Rule 23 Class Members from using cell phones while operating company vehicles;

f. Required Plaintiffs and Rule 23 Class Members to use headlights two hours before sunset and until two hours after sunrise while operating company vehicles; and

g. Only allowed Plaintiffs and Rule 23 Class Members to use the company vehicles to commute to and from the office, a job site, and their homes, unless Defendant's Company ownership team provided express permission.

9. If Plaintiffs or Rule 23 Class Members did not follow Defendant's Company Vehicle Policy, they faced disciplinary consequences including termination.

10. Defendant required Plaintiffs and Rule 23 Class Members to engage in work in their company vehicles, including paperwork and processing payment using software in the vehicle.

11. Defendant utilized cameras in Plaintiffs' and Rule 23 Class Members' vehicles that recorded both internally and externally of the vehicle while Plaintiffs and Rule 23 Class Members drove the vehicle in order to monitor Plaintiffs and Rule 23 Class Members.

12. Defendant maintained a policy and practice of scheduling Plaintiffs and Rule 23 Class Members to work consecutive, back-to-back job assignments such that they were denied any opportunity to take uninterrupted, duty-free meal and rest breaks.

13. Defendant failed to pay Plaintiffs and Rule 23 Class Members for missed meal and rest breaks.

14. Plaintiffs, Rule 23 Class Members, and FLSA Collective Members also maintained and transported company equipment in the vehicle.



**BIBIYAN LAW GROUP P.C.**
1460 Westwood Boulevard
Los Angeles, CA 90024
310.438.5555

15. Defendant also refused to pay Plaintiffs, Rule 23 Class Members, and FLSA Collective Members (defined below) for duties including, but not limited to: performing diagnoses and tech support for technicians and customers from home while off-the-clock.

16. Upon information and belief, Defendant did not pay Plaintiffs, Rule 23 Class Members, and FLSA Collective Members for any time over 10 minutes in which the company vehicle sat idle between job sites during the workday.

17. Defendant also failed to include non-discretionary bonuses and commissions earned by Plaintiffs, Rule 23 Class Members, and FLSA Collective Members in their regular rates for the purposes of calculating overtime wages.

18. While employed by Defendant, Plaintiffs, Rule 23 Class Members, and FLSA Collective Members worked more than 40 hours per workweek in one or more workweeks without receiving all overtime compensation owed to them in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and Washington Minimum Wage Act ("MWA"), RCW 49.46 *et. seq.*, Wage Payment Act ("WPA") RCW 49.48.010, and Wage Rebate Act ("WRA") RCW 49.52.050, and the Washington Industrial Welfare Act, RCW 49.12 *et. seq.*

19. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former employees who work(ed) as sales technicians, service technicians, electricians, plumbers, and other similar job titles for Defendant in Washington from three years preceding the date of this complaint and final judgment, pursuant to the FLSA ("FLSA Collective").

20. Plaintiffs seek permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to the FLSA Collective.

21. Plaintiffs also bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and all similarly situated current and former employees who work(ed) as sales technicians, service technicians, electricians, plumbers, comfort advisors, and other similar job titles for Defendant in Washington from three years preceding the date of this complaint and final judgment for violations of the MWA, RCW 49.46 *et seq.*, 49.48.010,



**BIBIYAN LAW GROUP P.C.**
1460 Westwood Boulevard
Los Angeles, CA 90024
310.438.5555

49.52.050, and of the Washington Industrial Welfare Act, RCW 49.12 *et seq.* ("Rule 23 Class").

**Jurisdiction and Venue**

22. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' FLSA claims arise under federal law. *See* 29 U.S.C. § 216(b).

23. In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because those claims derive from a common nucleus of operative fact.

24. The Court has personal jurisdiction over Defendant because it does business in Washington in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in and originated from this District.

25. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

**The Parties**

***Plaintiff William Higginbotham***

26. Plaintiff Higginbotham is a resident of Edmonds, Washington.

27. Plaintiff Higginbotham was employed by Defendant from approximately February 2025 through approximately September 2025 as an HVAC service technician.

28. At all times relevant, Plaintiff Higginbotham was Defendant's "employee" within the meaning of the FLSA and Washington state law.

29. Plaintiff Higginbotham worked more than 40 hours in one or more workweeks, but was not paid for all hours worked.

30. Defendant often provided Plaintiff Higginbotham with his first next-day work assignment in the evening before his next workday or in the morning, while he was at home.

31. Plaintiff Higginbotham organized his day in the morning. In the company vehicle, prior to leaving for the first job site, Plaintiff Higginbotham reviewed the job notes for his first assignment in ServiceTitan, checked to make sure he had all necessary HVAC parts and tools in his assigned company vehicle, and mapped the route to the first jobsite.



BIBIYAN LAW GROUP P.C.
1460 Westwood Boulevard
Los Angeles, CA 90024
310.438.5555

32. Plaintiff Higginbotham communicated with Defendant prior to and during his commute to his first job site. The communications included, on some occasions, Defendant redirecting Plaintiff Higginbotham while en route to the original job site to a different job site.

33. Defendant tracked Plaintiff Higginbotham's commute from home to his first job site. Defendant also tracked Plaintiff Higginbotham's commute home from his last job site.

34. Defendant used a camera to monitor both the interior and exterior of Plaintiff Higginbotham's vehicle while it was in use.

35. Defendant required Plaintiff Higginbotham to work from his assigned company vehicle, including completing required paperwork on the company-assigned iPad.

36. Defendant controlled the manner in which Plaintiff Higginbotham could use the company vehicle.

37. Defendant had a written "Driver Guidelines and Reporting Requirements" policy and practice that restricted the manner in which Plaintiff Higginbotham utilized the company vehicle.

38. If Plaintiff Higginbotham did not follow Defendant's Driver Guidelines and Reporting Requirements policy, he faced disciplinary consequences including termination.

39. Defendant refused to pay Plaintiff Higginbotham for all but the last 30 minutes of his time commuting to his first job site.

40. Defendant required Plaintiff Higginbotham to clock out after the paperwork for his last job was submitted at the last jobsite.

41. Defendant refused to pay Plaintiff Higginbotham for his time commuting from his last job site.

42. On occasion, Defendant redirected Plaintiff Higginbotham to a new jobsite after he clocked out from his last job and was driving home. However, Defendant did not compensate Plaintiff Higginbotham for the period in which he was clocked out.



**BIBIYAN LAW GROUP P.C.**
1460 Westwood Boulevard
Los Angeles, CA 90024
310.438.5555

43. On occasion, after Plaintiff Higginbotham clocked out, Defendant required him to drive apprentices who had been on the jobsite with Plaintiff Higginbotham back to Defendant's office. Defendant did not compensate Plaintiff Higginbotham for the drive.

44. Upon information and belief, Defendant also refused to pay Plaintiff Higginbotham for duties including, but not limited to: performing diagnoses and tech support for technicians and customers from home while off-the-clock.

45. Upon information and belief, Defendant refused to pay Plaintiff Higginbotham for time between jobs in which his assigned company vehicle remained idle for 10 or more minutes.

46. When Plaintiff Higginbotham's vehicle was idle for 10 or more minutes, Defendant required him to remain on duty and ready to respond to a work request.

47. Defendant failed to provide Plaintiff Higginbotham with uninterrupted meal and rest breaks.

48. Upon information and belief, Defendant failed to pay Plaintiff Higginbotham an additional 30 minutes of pay for each missed meal break.

49. Upon information and belief, Defendant failed to pay Plaintiff Higginbotham an additional 10 minutes of pay for each missed rest break.

50. Defendant paid Plaintiff Higginbotham non-discretionary commissions when he sold certain items to customers.

51. As demonstrated in Plaintiff Higginbotham's September 26, 2025 Earnings Statement below, Defendant did not include non-discretionary bonuses or commissions in the regular rates it used for overtime wages paid to Plaintiff Higginbotham.

/ / / / /



**BIBIYAN LAW GROUP P.C.**
1460 Westwood Boulevard
Los Angeles, CA 90024
310.438.5555

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | |
|---|---|---|---|---|---|
| QEN | 000433 | 350000 | | 0000390065 | 1 |

**Earnings Statement** ADP

*SEATOWN ELECTRIC HEATING AND A*
*4200 78TH STREET SOUTHWEST*
*MUKILTEO, WA 98275*

Period Beginning: 09/06/2025
Period Ending: 09/19/2025
Pay Date: 09/26/2025

Filing Status: Married filing jointly
Exemptions/Allowances:
Federal: Optional Higher Withholding Table

**WILLIAM HIGGINBOTHAM**
[redacted]

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 25.0000 | 51.37 | 1,284.25 | 23,649.74 |
| Overtime | 37.5000 | 8.28 | 310.50 | 4,403.04 |
| Comm/Task | | | 157.01 | 2,015.11 |
| SPP Bonus | | | 40.00 | 100.00 |
| Est Hourly | | | | 918.98 |
| Holiday | | | | 576.00 |
| Meetings | | | | 1,012.02 |
| PTO FIELD | | | | 600.00 |
| Shop Hourly | | | | 1,757.53 |
| Shop Whse Ot | | | | 37.13 |
| Gross Pay | | | $1,791.76 | 35,278.81 |

| Deductions | Statutory | this period | year to date |
|---|---|---|---|
| | Federal Income Tax | -136 .60 | 3,246.35 |
| | Social Security Tax | -111 .09 | 2,187.29 |
| | Medicare Tax | -25 .98 | 511.54 |
| | WA Paid Family Leave Ins | -7 .95 | 156.51 |
| | WA Paid Medical Leave Ins | -3 .84 | 75.62 |
| | WA LTCare | -10 .39 | 204.63 |
| | **Other** | | |
| | Wi | -22 .91 | |
| | Net Pay | $1,473.00 | |
| | Checking 1 | -1 ,473.00 | |
| | Net Check | $0.00 | |

Your federal taxable wages this period are $1,791.76

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Total Hours Pd | 59.65 | 1,338.29 |
| Totl Hrs Worked | 59.65 | |

**Important Notes**
COMPANY PH#:(206) 905-4946

BASIS OF PAY: HOURLY

**Additional Tax Withholding Information**
Exemptions/Allowances:
WA: No State Income Tax

SEATOWN ELECTRIC HEATING AND A
4200 78TH STREET SOUTHWEST
MUKILTEO, WA 98275

Advice number: 00000390065
Pay date: 09/26/2025

THIS IS NOT A CHECK

| Deposited to the account of | account number | transit ABA | amount |
|---|---|---|---|
| WILLIAM HIGGINBOTHAM | [redacted] | [redacted] | $1,473.00 |

NON-NEGOTIABLE

52. A written consent form signed by Plaintiff Higginbotham is attached hereto as Exhibit A.

***Plaintiff Shaun Hensler***

53. Plaintiff Hensler is a resident of Marysville, Washington.

54. Plaintiff Hensler was employed by Defendant from approximately January 2021 through approximately July 2025 as a residential HVAC service technician.

55. At all times relevant, Plaintiff Hensler was Defendant's "employee" within the meaning of the FLSA and Washington state law.



**BIBIYAN LAW GROUP P.C.**
1460 Westwood Boulevard
Los Angeles, CA 90024
310.438.5555

56. Plaintiff Hensler worked more than 40 hours in one or more workweeks, but was not paid for all hours worked.

57. Defendant often provided Plaintiff Hensler with his first next-day work assignment in the evening before his next workday or in the morning, while he was at home.

58. Plaintiff Hensler organized his day in the morning. In the company vehicle, prior to leaving for the first job site, Plaintiff Hensler reviewed the job notes for his first assignment in ServiceTitan, checked to make sure he had all necessary HVAC parts and tools in his assigned company vehicle, and mapped the route to the first jobsite.

59. On occasion, Plaintiff Hensler communicated with Defendant prior to and during his commute to his first job site. The communications included, on some occasions, Defendant redirecting Plaintiff Hensler while en route to the original job site to a different job site.

60. Defendant tracked Plaintiff Hensler's commute from home to his first job site. Defendant also tracked Plaintiff Hensler's commute home from his last job site.

61. Defendant used a camera to monitor both the interior and exterior of Plaintiff Hensler's vehicle while it was in use.

62. Defendant required Plaintiff Hensler to work from his assigned company vehicle, including completing required paperwork on the company-assigned iPad.

63. Defendant controlled the manner in which Plaintiff Hensler could use the company vehicle.

64. Defendant had a written "Driver Guidelines and Reporting Requirements" policy and practice that restricted the manner in which Plaintiff Hensler utilized the company vehicle.

65. If Plaintiff Hensler did not follow Defendant's Driver Guidelines and Reporting Requirements policy, he faced disciplinary consequences including termination.

66. Defendant refused to pay Plaintiff Hensler for all but the last 30 minutes of his time commuting to his first job site.



BIBIYAN LAW GROUP P.C.
1460 Westwood Boulevard
Los Angeles, CA 90024
310.438.5555

67. Defendant required Plaintiff Hensler to clock out after the paperwork for his last job was submitted at the last jobsite.

68. Defendant refused to pay Plaintiff Hensler for his time commuting from his last job site.

69. On occasion, Defendant redirected Plaintiff Hensler to a new jobsite after he clocked out from his last job and was driving home. However, Defendant did not compensate Plaintiff Hensler for the period in which he was clocked out.

70. On occasion, after Plaintiff Hensler clocked out, Defendant required him to drive apprentices who had been on the jobsite with Plaintiff Hensler back to Defendant's office. Defendant did not compensate Plaintiff Hensler for the drive.

71. Upon information and belief, Defendant also refused to pay Plaintiff Hensler for duties including, but not limited to: performing diagnoses and tech support for technicians and customers from home while off-the-clock.

72. Upon information and belief, Defendant refused to pay Plaintiff Hensler for time between jobs in which his assigned company vehicle remained idle for 10 or more minutes.

73. When Plaintiff Hensler's vehicle was idle for 10 or more minutes, Defendant required him to remain on duty and ready to respond to a work request.

74. Defendant failed to provide Plaintiff Hensler with uninterrupted meal and rest breaks.

75. Upon information and belief, Defendant failed to pay Plaintiff Hensler an additional 30 minutes of pay for each missed meal break.

76. Upon information and belief, Defendant failed to pay Plaintiff Hensler an additional 10 minutes of pay for each missed rest break.

77. Defendant paid Plaintiff Hensler non-discretionary commissions when he sold certain items to customers.



BIBIYAN LAW GROUP P.C.
1460 Westwood Boulevard
Los Angeles, CA 90024
310.438.5555

78. Defendant did not include non-discretionary commissions in the regular rates it used for overtime wages paid to Plaintiff Hensler.

79. A written consent form signed by Plaintiff Hensler is attached hereto as Exhibit A.

***Plaintiff Michael Perez***

80. Plaintiff Perez is a resident of Kenmore, Washington.

81. Plaintiff Perez was employed by Defendant from approximately October 2020 through approximately July 2025 as an HVAC service technician.

82. At all times relevant, Plaintiff Perez was Defendant's "employee" within the meaning of the FLSA and Washington state law.

83. Plaintiff Perez worked more than 40 hours in one or more workweeks, but was not paid for all hours worked.

84. Defendant often provided Plaintiff Perez with his first next-day work assignment in the evening before his next workday or in the morning, while he was at home.

85. Plaintiff Perez organized his day in the morning. In the company vehicle, prior to leaving for the first job site, Plaintiff Perez reviewed the job notes for his first assignment in ServiceTitan, checked to make sure he had all necessary HVAC parts and tools in his assigned company vehicle, and mapped the route to the first jobsite.

86. Plaintiff Perez communicated with Defendant prior to and during his commute to his first job site. The communications included, on some occasions, Defendant redirecting Plaintiff Perez while en route to the original job site to a different job site.

87. Defendant tracked Plaintiff Perez's commute from home to his first job site. Defendant also tracked Plaintiff Perez's commute home from his last job site.

88. Defendant used a camera to monitor both the interior and exterior of Plaintiff Perez's vehicle while it was in use.

89. Defendant required Plaintiff Perez to work from his assigned company vehicle, including completing required paperwork on the company-assigned iPad.



BIBIYAN LAW GROUP P.C.
1460 Westwood Boulevard
Los Angeles, CA 90024
310.438.5555

90. Defendant controlled the manner in which Plaintiff Perez could use the company vehicle.

91. Defendant had a written "Driver Guidelines and Reporting Requirements" policy and practice that restricted the manner in which Plaintiff Perez utilized the company vehicle.

92. If Plaintiff Perez did not follow Defendant's Driver Guidelines and Reporting Requirements policy, he faced disciplinary consequences including termination and legal actions.

93. Defendant refused to pay Plaintiff Perez for all but the last 30 minutes of his time commuting to his first job site.

94. Defendant required Plaintiff Perez to clock out after the paperwork for his last job was submitted at the last jobsite.

95. Defendant refused to pay Plaintiff Perez for his time commuting from his last job site.

96. On occasion, Defendant redirected Plaintiff Perez to a new jobsite after he clocked out from his last job and was driving home. However, Defendant did not compensate Plaintiff Perez for the period in which he was clocked out.

97. Frequently, after Plaintiff Perez clocked out, Defendant required him to drive apprentices who had been on the jobsite with Plaintiff Perez back to Defendant's office. Defendant did not compensate Plaintiff Perez for the drive.

98. Upon information and belief, Defendant also refused to pay Plaintiff Perez for duties including, but not limited to: performing diagnoses and tech support for technicians and customers from home while off-the-clock.

99. Upon information and belief, Defendant refused to pay Plaintiff Perez for time between jobs in which his assigned company vehicle remained idle for 10 or more minutes.

100. When Plaintiff Perez's vehicle was idle for 10 or more minutes, Defendant required him to remain on duty and ready to respond to a work request.

101. Defendant failed to provide Plaintiff Perez with uninterrupted meal and rest breaks.



BIBIYAN LAW GROUP P.C.
1460 Westwood Boulevard
Los Angeles, CA 90024
310.438.5555

102. Upon information and belief, Defendant failed to pay Plaintiff Perez an additional 30 minutes of pay for each missed meal break.

103. Upon information and belief, Defendant failed to pay Plaintiff Perez an additional 10 minutes of pay for each missed rest break.

104. Defendant paid Plaintiff Perez non-discretionary commissions when he sold certain items to customers.

105. Defendant did not include non-discretionary commissions in the regular rates it used for overtime wages paid to Plaintiff Perez.

106. A written consent form signed by Plaintiff Perez is attached hereto as Exhibit A.

***Plaintiff Vince Gist***

107. Plaintiff Gist is a resident of Everett, Washington.

108. Plaintiff Gist was employed by Defendant from approximately January 2022 through approximately September 2024 as a technician.

109. At all times relevant, Plaintiff Gist was Defendant's "employee" within the meaning of the FLSA and Washington state law.

110. Plaintiff Gist worked more than 40 hours in one or more workweeks, but was not paid for all hours worked.

111. Defendant often provided Plaintiff Gist with his first next-day work assignment in the evening before his next workday or in the morning, while he was at home.

112. Plaintiff Gist organized his day in the morning. In the company vehicle, prior to leaving for the first job site, Plaintiff Gist reviewed the job notes for his first assignment in ServiceTitan, checked to make sure he had all necessary HVAC parts and tools in his assigned company vehicle, and mapped the route to the first jobsite.

113. On occasion, Plaintiff Gist communicated with Defendant prior to and during his commute to his first job site. The communications included, on some occasions, Defendant redirecting Plaintiff Gist while en route to the original job site to a different job site.



BIBIYAN LAW GROUP P.C.
1460 Westwood Boulevard
Los Angeles, CA 90024
310.438.5555

114. Defendant tracked Plaintiff Gist's commute from home to his first job site. Defendant also tracked Plaintiff Gist's commute home from his last job site.

115. Defendant used a camera to monitor both the interior and exterior of Plaintiff Gist's vehicle while it was in use.

116. Defendant required Plaintiff Gist to work from his assigned company vehicle, including completing required paperwork on the company-assigned iPad.

117. Defendant controlled the manner in which Plaintiff Gist could use the company vehicle.

118. Defendant had a written "Driver Guidelines and Reporting Requirements" policy and practice that restricted the manner in which Plaintiff Gist utilized the company vehicle.

119. If Plaintiff Gist did not follow Defendant's Driver Guidelines and Reporting Requirements policy, he faced disciplinary consequences including termination.

120. Defendant refused to pay Plaintiff Gist for all but the last 30 minutes of his time commuting to his first job site.

121. Defendant required Plaintiff Gist to clock out after the paperwork for his last job was submitted at the last jobsite.

122. Defendant refused to pay Plaintiff Gist for his time commuting from his last job site.

123. On occasion, Defendant redirected Plaintiff Gist to a new jobsite after he clocked out from his last job and was driving home. However, Defendant did not compensate Plaintiff Gist for the period in which he was clocked out.

124. On occasion, after Plaintiff Gist clocked out, Defendant required him to drive apprentices who had been on the jobsite with Plaintiff Gist back to Defendant's office. Defendant did not compensate Plaintiff Gist for the drive.

125. Upon information and belief, Defendant also refused to pay Plaintiff Gist for duties including, but not limited to: performing diagnoses and tech support for technicians and customers



BIBIYAN LAW GROUP P.C.
1460 Westwood Boulevard
Los Angeles, CA 90024
310.438.5555

from home while off-the-clock.

126. Upon information and belief, Defendant refused to pay Plaintiff Gist for time between jobs in which his assigned company vehicle remained idle for 10 or more minutes.

127. When Plaintiff Gist's vehicle was idle for 10 or more minutes, Defendant required him to remain on duty and ready to respond to a work request.

128. Defendant failed to provide Plaintiff Gist with uninterrupted meal and rest breaks.

129. Upon information and belief, Defendant failed to pay Plaintiff Gist an additional 30 minutes of pay for each missed meal break.

130. Upon information and belief, Defendant failed to pay Plaintiff Gist an additional 10 minutes of pay for each missed rest break.

131. Defendant paid Plaintiff Gist non-discretionary commissions when he sold certain items to customers.

132. Defendant did not include non-discretionary commissions in the regular rates it used for overtime wages paid to Plaintiff Gist.

133. A written consent form signed by Plaintiff Gist is attached hereto as Exhibit A.

***Defendant Seatown Electric, Plumbing, Heating & Air, LLC***

134. Upon information and belief, Defendant Seatown Electric, Plumbing, Heating & Air, LLC is a corporation formed under the laws of the State of Washington with its principal place of business in Mukilteo, Washington.

135. Upon information and belief, Defendant has maintained control, oversight, and direction over its operations and employment practices.

136. At all times relevant, Defendant was Plaintiffs' "employer" within the meaning of the FLSA and Washington state law.

137. At all relevant times, Defendant maintained control, oversight, and direction over Plaintiffs, FLSA Collective Members, and Rule 23 Class Members, including timekeeping, payroll, and other employment practices that applied to them.



BIBIYAN LAW GROUP P.C.
1460 Westwood Boulevard
Los Angeles, CA 90024
310.438.5555

138. Defendant has applied the same employment policies, practices, and procedures to all Plaintiffs, FLSA Collective Members, and Rule 23 Class Members, including policies, practices, and procedures with respect to payment of overtime compensation.

139. Defendant's annual gross volume of business is not less than $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

**Collective Action Allegations**

140. Plaintiffs bring the First Cause of Action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated current and former employees who work(ed) as sales technicians, service technicians, electricians, plumbers, and other similar job titles for Defendant in Washington from three years preceding the date of this complaint and final judgment, pursuant to the FLSA ("FLSA Collective").

141. Defendant failed to pay Plaintiffs and the FLSA Collective Members for all hours worked, including suffering or permitting them to engage in the following tasks off-the-clock: performing diagnoses and tech support for technicians and customers from home.

142. Upon information and belief, Defendant refused to pay Plaintiffs and FLSA Collective Members when their company vehicles went idle for more than 10 minutes between job assignments.

143. Defendant paid Plaintiffs and the FLSA Collective Members overtime wages for some of the hours they worked over 40 in a workweek but did not include the non-discretionary bonuses or commission earned by Plaintiffs and the FLSA Collective Members in their regular rates for the purposes of calculating their overtime rates of pay.

144. Defendant's failure to pay Plaintiffs and the FLSA Collective Members one and one-half times their regular rate for all time worked over 40 hours in one or more workweeks was willful.

145. The FLSA Collective Members are readily identifiable and locatable through the use of Defendant's records. The FLSA Collective Members should be notified of and allowed to



BIBIYAN LAW GROUP P.C.
1460 Westwood Boulevard
Los Angeles, CA 90024
310.438.5555

opt into this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective Members, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant.

**Rule 23 Class Action Allegations**

146. Plaintiffs bring the Second, Third, and Fourth Causes of Action pursuant to Rule 23 of the Federal Rules of Civil Procedure and Washington state law on behalf of themselves and all similarly situated current and former employees who work(ed) as sales technicians, service technicians, electricians, plumbers, and other similar job titles for Defendant in Washington from three years preceding the date of this complaint and final judgment ("Rule 23 Class").

147. Excluded from the Rule 23 Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time from three years preceding the date of this complaint and final judgment had a controlling interest in Defendant; any judge to whom this case is assigned and any member of that judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

148. Defendant employed Plaintiffs and the members of the Rule 23 Class.

149. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable.

150. Upon information and belief, the size of the Rule 23 Class is at least 150 employees.

151. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

a. Whether Rule 23 Class Members performed job duties off-the-clock and without pay, including:



BIBIYAN LAW GROUP P.C.
1460 Westwood Boulevard
Los Angeles, CA 90024
310.438.5555

i. driving to and from their first and last job site; and

ii. performing diagnoses and tech support for technicians and customers from home while off-the-clock.

b. Whether Defendant stopped paying Plaintiffs and Rule 23 Class Members when their vehicles were idle between job assignments but they were still required to remain on duty, causing them to engage in off-the-clock uncompensated work;

c. Whether Defendant failed to provide Plaintiffs and Rule 23 Class Members with uninterrupted meal and rest breaks;

d. Whether Defendant failed to provide Plaintiffs and Rule 23 Class Members with an additional 30 minutes of pay for each missed meal break;

e. Whether Defendant failed to provide Plaintiffs and Rule 23 Class Members with an additional 10 minutes of pay for each missed rest break;

f. Whether Defendant failed to include non-discretionary bonuses and commission in Plaintiffs' and Rule 23 Class Members' regular rate of pay for the purposes of calculating overtime wages;

g. Whether Defendant has violated RCW 49.46.090;

h. Whether Defendant has violated RCW 49.52.050;

i. Whether Defendant has violated RCW 49.48.010;

j. Whether Defendant's policy and practice of failing to properly compensate Plaintiffs and the Rule 23 Members was willful; and

k. The proper measure of damages sustained and the proper measure of restitution recoverable by members of the Rule 23 Class.

152. Typicality (Fed. R. Civ. P. 23(a)(3)) – Plaintiffs' claims are typical of the Rule 23 Class's claims. Plaintiffs, like the Rule 23 Class Members, were subjected to Defendant's policy and practice of failing to pay for all hours worked and failing to include retention bonuses as part



BIBIYAN LAW GROUP P.C.
1460 Westwood Boulevard
Los Angeles, CA 90024
310.438.5555

of the regular rates of pay for the purposes of calculating overtime wages, in violation of Washington law.

153. Adequacy (Fed. R. Civ. P. 23(a)(4)) – Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class. Plaintiffs understand that as class representatives, they assume fiduciary responsibilities to the Rule 23 Class to represent its interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Rule 23 Class just as they would represent and consider their own interests.

154. Adequacy of counsel (Fed. R. Civ. P. 23(g)) – Plaintiffs have retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. Plaintiffs' counsel has litigated numerous class actions on behalf of employees asserting overtime claims under the FLSA and state law. Plaintiffs' counsel intend to commit the necessary resources to prosecute this action vigorously for the benefit of all Rule 23 Members.

155. Predominance and Superiority (Fed. R. Civ. P. 23(b)(3)) – Class certification of the Second, Third and Fourth Causes of Action is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Rule 23 Class predominate over any questions affecting only individual members of the Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices of failing to pay for all hours worked and failing to include non-discretionary bonuses and commissions in the regular rates of pay for the purposes of calculating overtime wages for the Rule 23 Class Members predominate over any individual issues. The damages suffered by individual Rule 23 Class Members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments regarding Defendant's practices.

156. Notice (Fed. R. Civ. P. 23(c)(2)(B)) – Plaintiffs intend to send notice to all Rule 23 Class Members consistent with the requirements of Fed. R. Civ. P. 23.



**BIBIYAN LAW GROUP P.C.**
1460 Westwood Boulevard
Los Angeles, CA 90024
310.438.5555

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**
**29 U.S.C. §§ 201, *et seq.***
**(Brought by Plaintiffs – Individually and on Behalf of the FLSA Collective)**

157. Plaintiffs, on behalf of themselves and all members of the FLSA Collective, reallege and incorporate by reference all other paragraphs as if they were set forth again herein.

158. Plaintiffs have expressed their consent to make these claims against Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

159. Plaintiffs assert claims for unpaid overtime pursuant to the FLSA on behalf of themselves and the FLSA Collective.

160. Defendant failed to pay Plaintiffs and the FLSA Collective Members for all hours worked, including workweeks in which they worked over 40 hours.

161. When Defendant paid Plaintiffs and the FLSA Collective Members overtime wages for hours worked over 40 in a workweek, it did not include the non-discretionary bonuses or commissions earned by Plaintiffs and the FLSA Collective Members in the regular rate for purposes of calculating overtime pay.

162. Defendant's failure to pay Plaintiffs and the FLSA Collective Members one and one-half times their regular rate for all time worked over 40 hours in one or more work weeks was willful.

163. Defendant failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiffs and the FLSA Collective Members.

164. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

165. As a consequence of the willful underpayment of wages, alleged above, Plaintiffs have incurred damages thereby, and Defendant is indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.



BIBIYAN LAW GROUP P.C.
1460 Westwood Boulevard
Los Angeles, CA 90024
310.438.5555

## SECOND CAUSE OF ACTION

**Washington Minimum Wage Act: Unpaid Overtime Wages**
**(Brought by Plaintiffs on Behalf of Themselves and the Rule 23 Class)**

166. Plaintiffs, on behalf of themselves and all members of the Rule 23 Class, reallege and incorporate by reference all other paragraphs as if they were set forth again herein.

167. Plaintiffs assert claims for unpaid overtime pursuant to Washington state law on behalf of themselves and the Rule 23 Class.

168. RCW 49.46.130(1) provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

169. Defendant required Plaintiffs and the Rule 23 Class Members to work off-the-clock and uncompensated, including during workweeks when they worked over 40 hours.

170. When Defendant paid Plaintiffs and the Rule 23 Class Members overtime wages for hours worked over 40 in a workweek, it did not include the non-discretionary bonuses or commissions earned by Plaintiffs and the Rule 23 Class Members in the regular rate for purposes of calculating overtime pay.

171. Defendant's failure to pay Plaintiffs and the Rule 23 Class Members for all hours worked, including one and one-half times their regular rate of pay for hours worked in excess of 40 in their workweeks, constitutes violations of RCW 49.46.130 and 49.52.050(2).

172. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Rule 23 Class Members have been deprived of compensation in an amount to be determined at trial, and Plaintiffs and the Rule 23 Class Members are entitled to recovery of such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.46.090.



BIBIYAN LAW GROUP P.C.
1460 Westwood Boulevard
Los Angeles, CA 90024
310.438.5555

## THIRD CAUSE OF ACTION
**Failure to Pay for Work as Required by Employment Policies and Agreement**
**(Brought by Plaintiffs on Behalf of Themselves and the Rule 23 Class)**

173. Plaintiffs, on behalf of themselves and all members of the Rule 23 Class, reallege and incorporate by reference all other paragraphs as if they were set forth again herein.

174. Some of the off-the-clock work hours performed by class members may have fallen in workweeks in which Plaintiffs and Rule 23 Class Members worked less than 40 hours.

175. As to those hours, Defendant has breached the employment policies and agreements applicable to Plaintiffs and Rule 23 Class Members and has violated statutory requirements, including RCW 49.46.020, 49.46.070, 49.48.010, 49.52.050, 49.48.010, by failing to record and pay for these hours worked at the contractual base rates and contractual premium rates.

176. As a result of these unlawful acts, Plaintiffs and the Rule 23 Class Members have been deprived of damages in amounts to be determined at trial, and Plaintiffs and the Rule 23 Class Members are entitled to the recovery of such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.46.090.

## FOURTH CAUSE OF ACTION
**Failure to Provide Uninterrupted Rest and Meal Breaks**
**(Brought by Plaintiffs on Behalf of Themselves and the Rule 23 Class)**

177. Plaintiffs, on behalf of themselves and all members of the Rule 23 Class, reallege and incorporate by reference all other paragraphs as if they were set forth again herein.

178. RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

179. RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."



BIBIYAN LAW GROUP P.C.
1460 Westwood Boulevard
Los Angeles, CA 90024
310.438.5555

180. Under RCW 49.12.005 and WAC 296-126-002, "conditions of labor" "means and includes the conditions of rest and meal periods" for employees.

181. WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts, and the meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer.

182. Under Washington law, Defendant had an obligation to provide employees with the meal and rest breaks to which they are entitled.

183. Under Washington law, Defendant has an obligation to ensure that employees take the meal and rest breaks to which they are entitled.

184. Under Washington law, Defendant has an obligation to provide employees with thirty minutes of additional pay for each missed meal break.

185. Under Washington law, Defendant has an obligation to provide employees with ten minutes of additional pay for each missed rest break.

186. The right to have an uninterrupted rest and meal period is a distinct right from Plaintiffs' and the Rule 23 Class's rights under the MWA. *Androckitis v. Virginia Mason Med. Ctr.*, 32 Wash. App. 2d 418, 443 (2024), *review denied*, 4 Wash. 3d 1007 (2025).

187. By the actions alleged above, including the failure to provide Plaintiffs and the Rule 23 Class with proper meal and rest periods, Defendant has violated RCW 49.12.020 and WAC 296-126-092.

188. As a result of these unlawful acts, Plaintiffs and Rule 23 Class have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and the Rule 23 Class are entitled to the recovery of such damages, including penalties and interest thereon, as well as attorney's fees, pursuant to RCW 49.48.030, and costs.



**BIBIYAN LAW GROUP P.C.**
1460 Westwood Boulevard
Los Angeles, CA 90024
310.438.5555

**FIFTH CAUSE OF ACTION**
**(Washington Wage Rebate Act: Willful Refusal to Pay Wages Owed)**
**Brought by Plaintiffs on Behalf of Themselves and the Rule 23 Class**

189. Plaintiffs, on behalf of themselves and all members of the Rule 23 Class, reallege and incorporate by reference all other paragraphs as if they were set forth again herein.

190. RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for exemplary damages in the amount of twice the wages withheld, attorneys' fees, and costs.

191. As a result of the willful, unlawful acts of Defendant, Plaintiffs and members of the Rule 23 Class have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and members of the Rule 23 Class are entitled to exemplary damages, attorneys' fees, and costs under RCW 49.52.070.

**Prayer for Relief**

WHEREFORE, Plaintiffs, on behalf of themselves and on behalf of the FLSA Collective and Rule 23 Class, request the following relief:

A. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B. Certification of the proposed Rule 23 Class for the claims against Defendant;

C. Appointment of Plaintiffs as representatives of the Rule 23 Class;

D. Appointment of the undersigned counsel as counsel for the Rule 23 Class and FLSA Collective;

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendant;



BIBIYAN LAW GROUP P.C.
1460 Westwood Boulevard
Los Angeles, CA 90024
310.438.5555

F. Exemplary damages pursuant to the Washington Wage Rebate Act, RCW 49.52, *et seq*.;

G. Appropriate equitable and injunctive relief to remedy violations, including but not limited to an order enjoining Defendant from continuing its unlawful practices under the FLSA and Washington state law and/or a declaration that Defendant's acts violate the FLSA and Washington state law;

H. Reasonable service awards for Plaintiffs to compensate them for the time they spent attempting to recover wages for the FLSA Collective and the Rule 23 Class and for the risks they took in doing so;

I. Costs of the action incurred herein;

J. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and Washington state law;

K. Post-judgment interest, as provided by law; and

L. Such other relief as this Court deems necessary, just, and proper.

**Jury Demand**

Plaintiffs demand a trial by jury.

Dated: June 5, 2026

Respectfully submitted,

*/s/ Cassandra Lenning*

Cassandra Lenning
Bibiyan Law Group P.C.
1460 Westwood Boulevard
Los Angeles, CA 90024
Telephone: (310) 438-5555
Email: clenning@tomorrowlaw.com

Sally J. Abrahamson*
WERMAN SALAS P.C.
609 H Street NE, 4th Floor
Washington, D.C. 20002
Telephone: (202) 830-2016
Email: sabrahamson@flsalaw.com

Douglas M. Werman*
WERMAN SALAS P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008
Email: dwerman@flsalaw.com

**Application for admission pro hac vice pending*

*Attorneys for Plaintiffs and others similarly situated*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

WILLIAM HIGGINBOTHAM, SHAUN HENSLER, and MICHAEL PEREZ, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

SEATOWN ELECTRIC, PLUMBING, HEATING & AIR, LLC,

Defendant.

**No.**

**COMPLAINT - CLASS AND COLLECTIVE ACTION**

**TRIAL BY JURY DEMANDED**

## CONSENT TO SUE UNDER THE FLSA

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., to secure unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with the Seatown Electric, Plumbing, Heating & Air, LLC, and any other associated parties. I authorize Werman Salas P.C. and Bibiyan Law Group P.C. and any associated attorneys as well as any successors or assigns, to represent me with my claims by joining my claims to an existing lawsuit against Defendant and any other associated parties in which they represent plaintiffs. By joining this lawsuit, I designate the named plaintiffs in the case in which this consent is filed and their attorneys as my representatives to make all decisions on my behalf, to the extent permitted by law, concerning the method and manner of conducting the case including but not limited to settlement, the payment of attorneys' fees and court costs, and all other materials pertaining to this lawsuit. By signing and returning this consent to sue, I understand that, if accepted for representation, I will be represented by the above attorneys without prepayment of costs or attorneys' fees. I understand that if Plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment amount on a pro rata basis with all other plaintiffs. I understand that the attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the

attorneys will be either the amount received from the defendant or 1/3 of my gross settlement or judgment amount, whichever is greater.

Dated: 6/3/2026

Signature: William A Higginbotham
ID fXkdq9nDrijvT2bzYZADu7ZC

Name: William Higginbotham

**Please print or type the following information.**
**The information below will not be part of the public record. The information is necessary for your attorneys' files and potential settlement.**

*****Note: This portion will NOT be filed with the Court*****

Email: [redacted]

Address: [redacted]

Phone: [redacted]

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| WILLIAM HIGGINBOTHAM, SHAUN HENSLER, and MICHAEL PEREZ, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SEATOWN ELECTRIC, PLUMBING, HEATING & AIR, LLC,<br><br>Defendant. | **No.**<br><br>**COMPLAINT - CLASS AND COLLECTIVE ACTION**<br><br>**TRIAL BY JURY DEMANDED** |

## CONSENT TO SUE UNDER THE FLSA

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., to secure unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with the Seatown Electric, Plumbing, Heating & Air, LLC, and any other associated parties. I authorize Werman Salas P.C. and Bibiyan Law Group P.C. and any associated attorneys as well as any successors or assigns, to represent me with my claims by joining my claims to an existing lawsuit against Defendant and any other associated parties in which they represent plaintiffs. By joining this lawsuit, I designate the named plaintiffs in the case in which this consent is filed and their attorneys as my representatives to make all decisions on my behalf, to the extent permitted by law, concerning the method and manner of conducting the case including but not limited to settlement, the payment of attorneys' fees and court costs, and all other materials pertaining to this lawsuit. By signing and returning this consent to sue, I understand that, if accepted for representation, I will be represented by the above attorneys without prepayment of costs or attorneys' fees. I understand that if Plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment amount on a pro rata basis with all other plaintiffs. I understand that the attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the

attorneys will be either the amount received from the defendant or 1/3 of my gross settlement or judgment amount, whichever is greater.

Dated: 6/3/2026 ______________________

Signature: Shaun hensler
ID sRW4gPyD6b12UfkJgYjnoXui

Name:________________________

**Please print or type the following information.**
**The information below will not be part of the public record. The information is necessary for your attorneys' files and potential settlement.**

*****Note: This portion will NOT be filed with the Court*****

Email: ________________________

Address:______________________

Phone:_______________________

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

WILLIAM HIGGINBOTHAM, SHAUN HENSLER, and MICHAEL PEREZ, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

SEATOWN ELECTRIC, PLUMBING, HEATING & AIR, LLC,

Defendant.

**No.**

**COMPLAINT - CLASS AND COLLECTIVE ACTION**

**TRIAL BY JURY DEMANDED**

## CONSENT TO SUE UNDER THE FLSA

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., to secure unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with the Seatown Electric, Plumbing, Heating & Air, LLC, and any other associated parties. I authorize Werman Salas P.C. and Bibiyan Law Group P.C. and any associated attorneys as well as any successors or assigns, to represent me with my claims by joining my claims to an existing lawsuit against Defendant and any other associated parties in which they represent plaintiffs. By joining this lawsuit, I designate the named plaintiffs in the case in which this consent is filed and their attorneys as my representatives to make all decisions on my behalf, to the extent permitted by law, concerning the method and manner of conducting the case including but not limited to settlement, the payment of attorneys' fees and court costs, and all other materials pertaining to this lawsuit. By signing and returning this consent to sue, I understand that, if accepted for representation, I will be represented by the above attorneys without prepayment of costs or attorneys' fees. I understand that if Plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment amount on a pro rata basis with all other plaintiffs. I understand that the attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the

attorneys will be either the amount received from the defendant or 1/3 of my gross settlement or judgment amount, whichever is greater.

Dated: 6/3/2026

Signature: Michael Alexander Perez
ID 1tgQg8U9tSokScKWKytwf22q

Name: Michael Perez

**Please print or type the following information.**
**The information below will not be part of the public record. The information is necessary for your attorneys' files and potential settlement.**

*****Note: This portion will NOT be filed with the Court*****

Email: [redacted]

Address: [redacted]

Phone: [redacted]

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

WILLIAM HIGGINBOTHAM, SHAUN HENSLER, MICHAEL PEREZ, and, Vince Gist, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

SEATOWN ELECTRIC, PLUMBING, HEATING & AIR, LLC,

Defendant.

**No.**

**COMPLAINT - CLASS AND COLLECTIVE ACTION**

**TRIAL BY JURY DEMANDED**

## CONSENT TO SUE UNDER THE FLSA

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., to secure unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with the Seatown Electric, Plumbing, Heating & Air, LLC, and any other associated parties. I authorize Werman Salas P.C. and Bibiyan Law Group P.C. and any associated attorneys as well as any successors or assigns, to represent me with my claims by joining my claims to an existing lawsuit against Defendant and any other associated parties in which they represent plaintiffs. By joining this lawsuit, I designate the named plaintiffs in the case in which this consent is filed and their attorneys as my representatives to make all decisions on my behalf, to the extent permitted by law, concerning the method and manner of conducting the case including but not limited to settlement, the payment of attorneys' fees and court costs, and all other materials pertaining to this lawsuit. By signing and returning this consent to sue, I understand that, if accepted for representation, I will be represented by the above attorneys without prepayment of costs or attorneys' fees. I understand that if Plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment amount on a pro rata basis with all other plaintiffs. I understand that the attorneys may petition the court for an award of fees and costs

to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendant or 1/3 of my gross settlement or judgment amount, whichever is greater.

Dated: 6/4/2026

Signature: ID ztM8Zeya3ExPvRF4vhcgnJpy

Name: Vincent Gist

**Please print or type the following information.**
**The information below will not be part of the public record. The information is necessary for your attorneys' files and potential settlement.**

*****Note: This portion will NOT be filed with the Court*****

Email: [redacted]

Address: [redacted]

Phone: [redacted]